UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

YACOV YARDENY,

        Plaintiff,

    -against-

HON. AUGUSTUS C. AGATE,
New York Supreme Court Justice,

        Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-7875 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

    This is the second lawsuit that *pro se* plaintiff Yacov Yardeny has brought under 42 U.S.C. § 1983 challenging a state judge's adjudication of a state-court dispute. Compl. 6–7 (Dkt. #1); *see Yardeny v. Agate*, No. 22-CV-5075 (RPK) (PK), 2022 WL 17128637, at *1 (E.D.N.Y. Nov. 22, 2022). In this case, plaintiff alleges that New York Supreme Court Justice Augustus Agate deprived him of due process by failing to serve a notice of default in a 2006 state-court proceeding and failing to request evidence in a 2006 proof-of-claims proceeding. Compl. 4–5. He requests "declaratory relief." *Id.* at 5. Plaintiff's request to proceed *in forma pauperis* is granted. But his complaint is dismissed without prejudice because he fails to state a claim for relief.

    When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see* Fed. R. Civ. P. 8(a). Here, even construing the complaint liberally because of plaintiff's *pro se* status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), plaintiff has failed to state a claim. "[A]bsolute immunity" shields "judges in the exercise of their judicial function," *Tulloch v. Coughlin*, 50 F.3d 114, 115–16 (2d Cir. 1995) (collecting cases), against claims for money damages and against claims for retrospective declaratory relief, *Moore v. City*

1

*of New York*, No. 12-CV-4206 (RRM) (LB), 2012 WL 3704679, at *2 (E.D.N.Y. Aug. 27, 2012) (compiling authority).  In such actions, a judge is immune from suit based on any judicial act, so long as the judge did not act in the clear absence of all jurisdiction.  *Birnbaum v. Rodriguez*, No. 94-CV-5180 (SJ), 1995 WL 745040, at *3 (E.D.N.Y. Dec. 4, 1995) (citing *Mireless v. Waco*, 502 U.S. 9 (1991) and *Stump v. Sparkman*, 435 U.S. 349, 359, 362 (1978)).  These principles bar plaintiff's claim because he seeks retrospective declaratory relief with respect to Justice Agate's judicial acts, and there is no indication that Justice Agate acted in the clear absence of all jurisdiction.

Typically, when a plaintiff is *pro se*, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  Nevertheless, leave to amend may be denied "when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006) (citation omitted).  Because the deficiencies in plaintiff's complaint cannot be cured through better pleading, the complaint is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully

directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to plaintiff.

      SO ORDERED.

                                          /s/ Rachel Kovner
                                         RACHEL P. KOVNER
                                         United States District Judge

Dated:        January 13, 2023
                Brooklyn, New York